UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| WILLIAM A. ORANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-72 |
| v. ) | *Mattice / Lee* |
| ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 18]. Defendant has not objected to Plaintiff's motion. This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

**I.     ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d). *See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). I **FIND** Plaintiff has met all of the requirements to receive EAJA fees.

First, the Court granted Plaintiff's motion for a sentence four remand, and Defendant does not dispute Plaintiff is a prevailing party [Doc. 17]. *See Shalala v. Shaefer,* 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff has timely submitted an itemized explanation of the fee request, which the Court finds adequate to support the request [Doc. 18]. Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.,* 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. Finally, the Court finds no special circumstances warranting denial of fees.

## II. AMOUNT OF FEES

I **CONCLUDE** Plaintiff is therefore entitled to his reasonable attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The requested rates of $170 per hour for attorney fees and $60 per hour for paralegal services, however, I **FIND** to be unsupported on the current record. An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). In this district, cost of living adjustments are computed by the formula established in *Cook v. Barnhart,* 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). In 2008, the proper rate for attorney compensation under the EAJA was determined to be $159 per hour. *Branson v. Astrue,* 2008 WL 2498111, at *2 (E.D. Tenn. 2008). Because Plaintiff has not supported his motion with a computation of the hourly rate for 2009 and 2010 under *Cook*, I **RECOMMEND** Plaintiff be awarded attorney fees in the amount of $159 per hour for 12 hours, for a total of **$1,908.00**. Similarly, the rate of compensation for paralegal services was determined in 2008 to be $50 per hour. *Branson,* 2008 WL 2498111, at *2. Plaintiff has not shown why this rate should be increased, and I therefore **RECOMMEND** Plaintiff

be compensation for paralegal services in the amount of $50 per hour for 3.5 hours, for a total of **$175.00**. The fee award is payable directly to Plaintiff. *See* [Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 448 (6th Cir. 2009)](#) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

Accordingly, subject to the limitations explained above, I **RECOMMEND**[1] Plaintiff's motion for attorney's fees under the EAJA [Doc. 18] be **GRANTED IN PART** and Plaintiff be awarded attorney's fees in the amount of **$2,083.00**.

                                                s/*Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).
     This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of any document maintained by any other public or private organization.